CHARLES E. STOCKWELL *v.* JAMES C. ROBINSON, Sheriff.

*Replevin—Previous Demand—Sheriff—Execution—Construction of Statutes.*

Where a person is in the undisputed possession of goods or chattels, the law presumes they are his, and he cannot be deprived of the possession of them by a party claiming them in an action of replevin, unless the claimant by direct proof shows a better right to their possession.

A writ of attachment or execution issued to the sheriff vests in him the right to seize the property of the defendant therein; but it gives him no right to seize the goods of another party; if he does, he becomes a trespasser.

The sheriff must seize and sell the goods of the defendant in an execution in his hands, even if no bond of indemnity be given him by the plaintiff; if there be doubt as to whom the goods belong, he may summon a jury of twelve men and thereby inquire into the title of those goods and chattels, and upon the rendition of their verdict he may protect himself.

No previous demand is necessary before the issuing of a writ of replevin for the recovery of goods of the plaintiff in the possession of another party. But if the defendant in said writ became lawfully possessed of said goods and surrenders them immediately upon the service of the writ issued without previous demand, he will not be liable for costs.

The statute dispensing with previous demand in certain cases before replevin brought, is constitutional and retroactive, as in its terms clearly expressed.

*(Kent, April, 1892.)*

REPLEVIN.    The facts appear in the charge of the Court.

Heard before GRUBB and CULLEN, JJ.

*James L. Wolcott* and *R. R. Kenney,* for plaintiff.

*J. Alexander Fulton,* for defendant.

CULLEN, J., charging the jury:
*Gentlemen of the Jury:*    This is an action of replevin brought

by Charles E. Stockwell against James C. Robinson, sheriff, for the purpose of obtaining the value of certain goods and chattels, consisting of three boxes of canned goods, a box of bed-clóthes and various other articles of goods and chattels, which are enumerated and set forth in the writ of replevin. The claim of the plaintiff is that he is entitled to these goods and chattels, for which he has brought his action of replevin against James C. Robinson, sheriff. He claims that he had the right of possession, and he also claims the ownership in those goods.

We would state at the outset that where a person is in the undisputed possession of goods or chattels, the law presumes that they are his, and he cannot be deprived of the possession of those goods and chattels by a party claiming them, unless the claimant shows a better right to their possession than has the party in whose possession they are. That is a presumption in law which may be rebutted by direct proof showing a better title in the opposite party. It is contended heré on the part of the plaintiff that these goods and chattels were under his immediate control and in his absolute possession; that they were moved by him and were placed in a house for storage, which he had rented for that purpose in the town of Smyrna; that while the goods and chattels which he had thus brought and deposited for safe keeping, for his own benefit, were there, they were seized by the defendant, James C. Robinson, sheriff, under and by virtue of an attachment sued out and placed in his hands, to be executed as the property of A. C. McLane.

The question, then, which you are to determine in this case is this: Had Charles E. Stockwell a right to these goods and chattels and the right of possession; for the action of replevin is brought for the purpose of recovering the possession of property, and where goods are unlawfully detained, this action will, of course, lie: where they are not, then, of course, the matter is different. The plaintiff in this case contends that he was rightfully in the possession of these goods; it is claimed on the other side by the defendant that by virtue of this attachment he seized these goods as the property

of A. C. McLane. In order to obtain a recovery in this case, it would be necessary for the defendant to show that he had a better right to these goods than had the plaintiff. In other words, that he had a better right of possession, such as would entitle him to the possession of these goods.

Now the evidence which has been offered here you have heard, and upon that evidence, of course, you must decide this case—subject to the law as we shall lay it down to you. Were these goods in the possession of Charles E. Stockwell at the time of the service of this attachments. You have heard the testimony that has been offered here in this case, that the goods were hauled by this man Stockwell, that he rented a building of a gentleman by the name of Jefferson in the town of Smyrna for the purpose of storing these goods, that they were put there under storage, for which he paid. We must say to you upon that proof, inasmuch as it was not contradicted, that he was in possession of those premises, and the law raises the presumption that he had the perfect right of possession until a better right is shown in the party who seeks to dispossess him. The goods in the meanwhile, it appears from the evidence, were seized by virtue of the attachment, which vests, of course, in the sheriff what is called a qualified right to these goods. In other words, he had the goods " in custodia legis " that is, in the custody of the law. The goods having thus been seized by the sheriff, Mr. Stockwell, in order to obtain possession of the goods which had been taken from him as he contends wrongfully, without right and without authority on the part of the defendant in this case, brings his action of replevin, and it is that which you are to try. Did these goods belong to Mr. McLane? Was the legal title in these goods such that he himself would have had the right to have brought an action of replevin and recovered them from Charles E. Stockwell? If he had, then, of course, whatever right he had was vested in the sheriff to seize the goods by virtue of the attachment. Therefore you will observe, gentlemen, that the position of Mr. McLane and of Mr. Robinson is one and the same. It would have

been necessary for Mr. McLane to have shown that these were his goods, that these goods had either been taken away without his authority by Mr. Stockwell, and held by him without any right of possession—wrongfully taken; or if he could have shown that by his permission they went into Mr. Stockwell's possession, but that he had demanded these goods and Mr. Stockwell had refused to give them up, and being unlawfully in the latter's possession, and after there being a demand a refusal,—he had a right to support this action; and in the trial of that cause, in order to determine that matter, Mr. McLane would have to show a better right than existed in Mr. Stockwell to hold the goods.

So also must the sheriff; for we must say to you that there is a responsibility upon the sheriff in seizing goods. A writ of attachment or execution that goes into the hands of the sheriff to seize the property of A B vests in him the right to seize those goods under and by virtue of that attachment; but it does not give him any more right than it does a private individual to seize the goods of C D. If he does it, he does it at his peril, for he becomes a trespasser. You may say it is a hard case—it is not, because the law provides ample remedies. He may demand a bond of indemnity. That, it is true, is but a demand, and the party is not bound to give him a bond of indemnity. Suppose such a bond is not given him, that does not give the sheriff an excuse for not selling the goods of A B. The law provides that he may summon a jury of twelve men by which he may examine and inquire into the title of those goods and chattels, as to whether they are the property of A B or C D, and upon the rendition of their verdict he may protect himself. Therefore we say to you that an officer may become a trespasser in seizing goods that did not belong to the defendant in the writ just as much as an individual who may take property to which he has no right. It would be necessary for the defendant, in order to recover in this case, to prove some right or title of McLane in these goods. Does the evidence here show anything of that kind? That is a matter for you to determine. If there is no

evidence to that effect, whether or not this man had the real ownership, it matters not. The defendant in this case must show that the defendant in this writ had a title superior to that of Charles E. Stockwell, the plaintiff; and unless there is some proof in this case to satisfy you that Mr. McLane had a better right to the possession of this property than Stockwell, then that is an end of this case, and your verdict must be in favor of the plaintiff. That is a matter of evidence; you have heard the testimony, you will recollect that and act accordingly. If there are facts that have been proved here at the bar of this court satisfying you that this was the property of Mr. McLane, that he had the right to the possession of the property, and that Mr. Stockwell was not in the possession of it and had no right to it as against the better right of Mr. McLane, then your verdict should, of course, be in favor of the defendant for the value of such goods and chattels as have been proved to belong to Mr. McLane.

We have been requested by the counsel for the defendant to charge you that this action cannot be sustained, because there was no demand made for this property prior to the bringing of this suit. The law in an action of replevin of course is that a person may sustain the action where goods are unlawfully detained. If a man commits a tort, if he takes without right or authority goods, then there is no necessity for a demand, because the trespass has already been committed. If a man goes into your stable and takes out your horse, without authority, you are not bound to make a demand; you may take out your writ immediately; but, if you loan your horse and carriage to any person (prior to the passage of this law) and you should bring your action of replevin without first having made a demand, then, of course, you could not sustain your action of replevin, because he had not committed a tort; he has been guilty of no trespass; he went into possession of the property lawfully, and until you show that he has wrongfully taken into possession, until you contradict the right and show that it was a wrong, you have no right to bring this action. Such was the rule

prior to the passage of this Act of Assembly—relative to which we have been asked to charge you—which was passed 21st April, 1887, and which changed this rule at common law, which was, as we say to you, founded upon common sense and common reason; that is, that no man was guilty of a trespass until he had first committed it, that no trespass was committed until there was a refusal to give up the property. The Legislature saw fit to change that law and to waive the demand, and even in the case of a person lawfully in the possession of goods, this statute does not require, as at common law, that you shall first demand the goods of him and that you cannot bring your action of replevin until he has refused to deliver the same, but that you may at once issue your writ and that writ will act for the demand; if he give up the goods at once upon that writ, then, of course, there is an end of it, nor could the person recover any costs; because if you see fit to go to the party before you bring the action of replevin and demand the property that he is lawfully in possession of and he delivers up the same, there is no trespass, since he obeys your demand and delivers your property, and you cannot recover any damages. The law being changed does not alter the law at all that you should make your demand; because, if the party when making the demand see fit to take his writ of replevin which is considered as a demand—at the same time the suit is brought, then, as a matter of course, the man should not under those circumstances, be subject to costs. That principle has been ruled in this court. But where the taking is wrongful, then, of course, it is a different matter, for the party is liable, if after the replevin, if you please, is issued and the party refuse for a moment or for any space of time to deliver the goods in obedience to the writ, there he becomes liable for trespass and for whatever damages might ensue.

The Legislature, we say, changed this law to read, that in all actions now pending or hereafter pending, the parties shall not avail themselves of it, if no demand was made, for the purpose of defending the action. It is contended by the counsel for the defend-

ant in the first place that this law is unconstitutional, in that it impairs the right of contract. We can see no contracts in this law. To make a contract there must be two parties, one on the one side and one on the other. This is a mere right, founded upon the principle that we have stated, whether the demand was made. We therefore cannot see that the matter of contracts has anything to do with it, and we consider that this law is in every sense constitutional.

The next question raised here as to this action is, that no demand was ever made and that this action was brought prior to this Act of Assembly, and that therefore this act does not apply; and the counsel have asked the court to construe the Act; in other words, what is the meaning of that Act? This Act has preceding it a preamble. These are very common in acts of Assembly, often setting forth that certain evils exist, and therefore they pass the the law to remedy that evil. So there is a preamble to wills e. g. —" I, A B, being of sound mind and memory, do devise, etc." That is no part of the will; it merely states the purpose of the party making the will. Such parts of the writing as convey property of course form the will, but the preamble is held in the construction of certain devises, not as part of the will but as showing the intention of the person in reference to devising his property. So also we might say the same rule has been held in regard to acts of Assembly. The preamble is no part of the Act, though it may be looked to sometimes when there is doubt arising as to construction. Is there any doubt as to what this Act means? This Act says what it means and means what it says. Can any other construction be put upon it? We must say to you that upon examination of this Act, it appears to us to be beyond cavil and beyond doubt: " That in all actions of replevin now pending, or hereafter to be brought no proof of demand shall be necessary, but the bringing of the suit shall be considered a sufficient demand for all purposes; and the failure at the trial to prove any demand shall not be the cause for a non suit"—as it was heretofore. We think,

therefore, that the language of the statute is perfectly plain. Admitting, for the sake of the argument, that this was a case in which it was necessary to make a demand under the law as it existed before the passage of this Act, and that the failure to do so was the ground for a non suit, yet since this statute has been passed that has been entirely removed. Therefore, as we have said to you, gentlemen, we construe this law as not only constitutional, but consider that its meaning is perfectly plain, and that it is clearly retroactive upon its very terms.

If Mr. McLane had no right to these goods—and the sheriff was bound to know whether or not he had a right to them—the sheriff had no right to take them. The question is, whether any right has been shown on the part of McLane, and if the sheriff wrongfully took these goods (and there was no necessity even at common law for a demand, without this statute existing at all), then he becomes liable for any action that might be brought, and also for costs, if the taking of these goods was wrongful, and for any damages that might ensue to the plaintiff in this case, Charles E. Stockwell, for the unlawful detention of these goods.

The counsel have asked us to charge you that these goods were carried by Mr. Stockwell and placed in a house belonging to Mr. Jefferson, under rent, and that it is therefore not a case of depositing with a bailee, but it is a case of rent.

The court say to you that notwithstanding the goods were deposited there under rent, they were still in the possession of Charles E. Stockwell. Because a man's goods are under execution, does not prevent his selling them. He sells them subject to any lien, but he has a right to sell them. If the goods are on premises subject to the payment of rent, the sale may be made subject to distress for rent, but is there any law that says he is not in the possession of them? May not an execution be levied upon the goods and chattels and they be sold in spite of the landlord? That does not dispossess the tenant of his right to the possession of the property. Therefore, we say to you, gentlemen, that he was not dispossessed

of any right that he had, but if he had the right, when he put those goods in there, to the possession of the property, his putting them there under rent, in no manner affected his right to the possession of that property by reason of the levy of the attachment.

If the jury are satisfied that Mr. McLane owned any of these goods and has proved to you a title to them—such as would give him a better title to them than that vested in Mr. Stockwell, of course the defendant would have the right to recover. If the sheriff wrongfully took these goods, without right or authority, if you are satisfied that Mr. Stockwell had the right of possession of these goods, then your verdict should be in favor of the plaintiff for six cents besides costs expended.

Verdict for the plaintiff.